UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America

Plaintiff,

Case No. 25-cr-20658

Hon. Denise Page Hood

v.

Jose Gargenis Vasquez-Rosa,
a/k/a/ Eric Corcino-Martinez,
a/k/a Angel Jonas Vega-Lorenzo

Defendant.

_____/

**DEFENDANT JOHNATHAN ROBERSON-JEFFERSON'S**
**SENTENCING MEMORANDUM**

NOW COMES Defendant Jose Gargenis Vasquez-Rosa, by and through his attorney, Jamil

Khuja, and files the following Sentencing Memorandum, setting forth all factors that this

Honorable Court should consider in determining the type and length of sentence for him.

**I.      INTRODUCTION**

Mr. Vasquez-Rosa is a citizen of the Dominican Republic.  He was born there in 1981 and

lived there until 2009 when he left to Mexico.  After staying in Mexico for about two months, he

made his way to New York City, New York.  He lived there for a few years before moving to

Michigan.  His criminal history consists of a misdemeanor driving offense in New York in 2015

and a misdemeanor for possession of a loaded firearm in a vehicle in Michigan in 2019.

Mr. Vasquez-Rosa's mother lives in Brooklyn, New York while his father and brothers

continue to live in the Dominican Republic.  His father suffers from a herniated disc in his back

and suffers from hypertension (high blood pressure).  Mr. Vasquez-Rosa's currently brothers

care for him and Mr. Vasquez-Rosa hopes to assist them in caring for his father upon deportation to the Dominican Republic.  While in Michigan, Mr. Vasquez-Rosa got married to Mrs. Netacha Gerada and they were raising a young daughter together before his arrest for this offense.

On or about September 10, 2020, Mr. Vasquez-Rosa applied for a United States passport using the identity of Eric Corcino-Martinez, a US citizen living in Puerto Rico who had been the victim of identity theft.  On or about October 20, 2020, Mr. Vasquez-Rosa cast a ballot in a federal election under the alias of Eric Corcino-Martinez.

Mr. Vasque-Rosa has been in custody since his arrest on July 29, 2025.  On January 28, 2026, Mr. Vasquez-Rosa appeared before this Honorable Court and pled guilty to the indictment with a Rule 11 plea agreement.  He stands before this Honorable Court for sentencing on the offenses of making a false statement in a United States passport application, making a false statement of United States citizenship with the intent to obtain a federal service or benefit, and voting as an alien.

Mr. Roberson-Jefferson has received and reviewed the Presentence Investigation Report (PSIR) prepared by the U.S. Probation Department.  He has no objections to that report which calculated the total offense level at eight and an advisory guideline range of zero to six months. He has now served more than six months and respectfully requests that this Honorable Court sentence him to time served.  He understands he will be deported to the Dominican Republic and never be allowed to return to the United States.

II.      **THIS HONORABLE COURT'S IMPOSITION OF A SENTENCE OF TIME SERVED (EIGHT MONTHS) WOULD BE CONSISTENT WITH THE STANDARD SET FORTH IN 18 U.S.C. § 3553(a).**

A.  **District Courts Have Broad Discretion in Sentencing.**

The Federal Sentencing Guidelines, previously mandatory, are now to be treated as advisory as a result of a decision made by the U.S. Supreme Court in *U.S. v. Booker*, 543 U.S. 220 (2005). The sentencing court must consider the guideline range as only one of a number of factors to consider in determining an appropriate sentence pursuant to 18 U.S.C. § 3553(a).

In determining the length of a sentence, 18 U.S.C. § 3553(a) requires that any sentence imposed be "sufficient, but not greater than necessary" to achieve the relevant statutory purposes for sentencing. To ensure this, Congress set forth a series of factors to be considered:

(1) the nature and circumstance of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed
  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment.
(3) the kinds of sentence available;
(4) the kinds of sentence and the sentencing range;
(5) any pertinent police statement;
(6) the need to avoid unwarranted sentencing disparities among defendants;
(7) the need to provide restitution to any victims of the offense.

*U.S. v. Duane*, 533 F.3d 450 (6th Cir. 2008). Additionally, 18 U.S.C. § 3553(b) requires that the sentencing court impose a sentence within the guideline range "unless the court finds that there exists an aggravating or mitigating circumstance … that should result in a sentence different from that described." Mr. Vasquez-Rosa is asking for a sentence that is within the advisory guideline range. Given the time he has spent in custody, such a sentence actually slightly exceeds the advisory guideline range.

Following the decision in *Booker*, the Supreme Court bolstered its position that sentencing courts may consider the sentencing guidelines as advisory rather than mandatory. In December 2007, the Court recognized that a sentencing court is "in a superior position to find

facts and judge their import under § 3553(a) in the individual case." *Gall v. U.S.* 552 U.S. 38 (2007).  In its holding, the Court affirmed a district court's sentence of 36 months of probation where the defendant's sentencing guidelines were 30 to 37 months of imprisonment.  In effect, the Court rejected both propositions that sentencing courts must adopt strict mathematical formulas to determine sentencing and that only "extraordinary circumstances to justify a sentence outside the Guidelines range" are necessary.

As it related to the facts in *Gall*, the Court affirmed the power of the sentencing court by reciting the sentencing court's decision:

> Any term of imprisonment in this case would be counter effective by depriving society of the contributions of the Defendant who, the Court has found, understands the consequences of his criminal conduct and is doing everything in his power to forge a new life. The Defendant's post-offense conduct indicates neither that he will return to criminal behavior nor that the Defendant is a danger to society.  In fact, the Defendant's post-offense conduct was not motivated by a desire to please the Court or any other governmental agency, but was the pre-Indictment product of the Defendant's own desire to lead a better life.  *Id*.

Under the reasoning of *Gall*, the 5th Circuit Court of Appeals upheld a departure from a guideline sentence recommendation of 46-57 months of imprisonment to 60 months of probation in a case involving possession of child pornography.  In affirming the departure, the court held that the sentencing court properly calculated the guidelines, heard arguments concerning appropriate sentences, and meticulously considered the § 3553(a) factors.  *U.S. v. Rowan*, 530 f.3d 379 (5th Cir. 2008).

When analyzed individually, the case law does not appear to have a major impact on sentencing in the federal judicial system.  However, the practical effect of those decisions is a movement away from a mechanistic, de jure, and de facto adherence to the sentencing guidelines and toward considering individualized notions of fairness and justice.  In light of the rendering of

the sentencing guidelines as merely advisory, this individualized sense of fairness and justice is the key component to any sentencing. District Court judges are now faced with a much more difficult task. Rather than passing sentence based on a perfunctory and thoughtless application of guidelines drafted by lawmakers, the Court has granted district court judges with the awesome responsibility of sentencing defendants based on an array of factors. With this responsibility comes an ability to look at each defendant standing before the court as an individual and sentence that person based on what is best for him and for society. Mr. Vasquez-Rosa respectfully requests this Honorable Court to consider all of the factors presented and sentence him to time served.

**B. <u>A Sentence of Time Served Would be Satisfactory Within the Framework of 18 U.S.C. § 3553(a).</u>**

An application of the facts of this specific case and the details of Mr. Vasquez-Rosa's history to the factors set forth in § 3553(a) supports a sentence of imprisonment of one year and one day. The following information is presented for the purpose of offering insight into the factors set forth in 18 U.S.C. § 3553(a) as applied to Mr. Vasquez-Rosa's case.

**1. <u>Mr. Vasquez-Rosa's Personal History & Characteristics Support the Requested Sentence</u>**

Mr. Roberson-Jefferson is only forty eight years old. He had no prior felony convictions before being arrested for these federal offenses. Upon completion of whatever sentence is ultimately imposed by this Honorable Court, he is going to be deported to the Dominican Republic and likely separated from his wife and child as well as his mother who lives in New York.

**2. <u>The Need for the Sentence Imposed</u>**

This Honorable Court may impose "a sentence sufficient, but not greater than necessary to comply with" the purposes of 18 U.S.C. § 3553(a)(2), which are "retribution, deterrence, incapacitation and rehabilitation." U.S. v. Denardi, 892 F.2d 269, 276 (3rd Cir. 1989). A sentence of time served (eight months) will more than adequately address the need for retribution, deterrence, incapacitation, and rehabilitation pursuant to 18 U.S.C. § 3553(a)(2).

### 3. The Kinds of Sentencing Available and Sentencing Range

The sentencing guideline range for this offense is zero to six months.  A sentence of time served (eight months) is a reasonable request that slightly exceeds the sentencing guideline range.

### 4. The Guideline Sentence and any Pertinent Policy Statement

A sentence of time served (eight months) is an appropriate sentence because it slightly exceeds  the advisory sentencing guidelines and would relieve US taxpayers of the financial burden of supporting Mr. Vasquez-Rosa while he is incarcerated.  It would achieve the goals of rehabilitation and deterrence.  Mr. Vasquez-Rosa has been incarcerated during the pendency of this case.  During that time, he has not committed any infractions at the facilities where he's been housed and has used the time to reflect and better himself.  He understands the error of his ways and that he will never be able to lawfully enter the United States again.  He will never do so again.  He also understands that if he were to repeat this mistake again, he will be facing a longer term of imprisonment.

### 5. The Need to Avoid Unnecessary Disparities Among Defendants

A sentence at the midpoint of the guidelines is not unreasonably disparate from sentences of others similarly situated to Mr. Ene.  It is an appropriate sentence.

6. **The Need to Provide Restitution to Any Victims of the Offense**

No restitution is being sought in this case.

## III.    CONCLUSION

Mr. Vasquez-Rosa is an ideal candidate for compassion from this Honorable Court.  The combination of Mr. Vasquez-Rosa's personal history, characteristics, and his life circumstances generally make a compelling case for a sentence of time served.  He is asking this Court to not require further incarceration before his inevitable deportation back to the Domincan Republic. Mr. Vasquez-Rosa respectfully requests that this Honorable Court consider all of the aforementioned events, facts and circumstances and impose a sentence of time served so that he can return to his family and help care for his sick father.  Such a sentence will allow justice to be served but will also afford Mr. Vasquez-Rosa the opportunity to move forward with his life.  It will serve the needs of justice in affording adequate deterrence to criminal conduct, protecting the public, and providing just punishment for the offense, but at the same time will allow Mr. Vasquez-Rosa to move forward with his life.

Dated: March 28, 2026

Respectfully Submitted,

_/s/ Jamil Khuja_             .
Jamil Khuja
Attorney for Defendant
The Khuja Law Firm, PLLC
1360 Porter St., Ste. 200
Dearborn, MI 48124
(313) 263-3353
jamil@khujalaw.com